IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 18, 2018 Session

## HOWARD L. GREENLEE v. SEVIER COUNTY, TENNESSEE

Appeal from the Circuit Court for Sevier County
No. 2009-0302-IV     O. Duane Slone, Judge

_____

No. E2017-00942-COA-R3-CV
_____

This action involves a claim for compensatory damages for personal injury caused by a police dog. The defendant sought summary judgment, arguing that the victim, an officer acting in the course and scope of his employment, was a participant in the act or conduct that prompted the need for the dog's services, thereby removing liability pursuant to Tennessee Code Annotated section 44-8-413(b)(1). The court agreed and granted summary judgment. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Sidney W. Gilreath and Cary L. Bauer, Knoxville, Tennessee, for the appellant, Howard L. Greenlee.

Rhonda L. Bradshaw and Andrew N. Firkins, Knoxville, Tennessee, for the appellee, Sevier County, Tennessee.

## OPINION

## I.     BACKGROUND

On April 24, 2008, Officer Howard Greenlee ("Plaintiff"), while in the course and scope of his employment for the Tennessee Highway Patrol, attempted a traffic stop. The suspect fled on foot, prompting Plaintiff to request assistance from the Sevier County Sheriff's Office ("Defendant"). Defendant dispatched a K-9 unit, consisting of Deputy Blaine Lewis and a police dog ("Jodie"). The search for the suspect led Deputy Lewis and Jodie to a mobile home, where the two went underneath the home in pursuit of the

suspect. Jodie emerged first and subsequently attacked Plaintiff, who was standing nearby, while Deputy Lewis remained underneath the home.

Plaintiff sustained significant injuries. He later filed suit, alleging that Deputy Lewis and Defendant failed in their duty to keep Jodie under reasonable control as required by Tennessee Code Annotated section 44-8-413, which provides, in pertinent part, as follows:

(a)(1) The owner of a dog has a duty to keep that dog under reasonable control at all times, and to keep that dog from running at large. A person who breaches that duty is subject to civil liability for any damages suffered by a person who is injured by the dog while in a public place or lawfully in or on the private property of another.

(2) The owner may be held liable regardless of whether the dog has shown any dangerous propensities or whether the dog's owner knew or should have known of the dog's dangerous propensities.

(b) Subsection (a) shall not be construed to impose liability upon the owner of the dog if:

(1) *The dog is a police or military dog, the injury occurred during the course of the dog's official duties and the person injured was a party to, a participant in or suspected of being a party to or participant in the act or conduct that prompted the police or military to utilize the services of the dog;*

(2) The injured person was trespassing upon the private, nonresidential property of the dog's owner;

(3) The injury occurred while the dog was protecting the dog's owner or other innocent party from attack by the injured person or a dog owned by the injured person;

(4) The injury occurred while the dog was securely confined in a kennel, crate or other enclosure; or

(5) The injury occurred as a result of the injured person enticing, disturbing, alarming, harassing, or otherwise provoking the dog.

(Emphasis added.). Defendant moved for summary judgment, arguing that it could not be held liable because Plaintiff was a participant in the act or conduct that prompted the need for Jodie's services. Plaintiff disagreed, arguing that the plain language of Section 44-8-413(b)(1) did not merit such an interpretation. He explained that the act or conduct that prompted the need for services was the fleeing suspect, not his request for assistance.

The trial court granted summary judgment, finding that the plain language of Section 44-8-413(b)(1) barred recovery because Plaintiff was a participant in the utilization of the police dog. In so holding, the court reasoned that the legislature likely believed that first responders would be covered by the workers' compensation laws. Plaintiff filed a motion to alter or amend the court's judgment, citing a California case with similar facts in which that court rejected such an interpretation in dicta.[1] The court denied the motion. This timely appeal followed.

## II.    ISSUE

The sole issue on appeal is whether the court erred in granting summary judgment in favor of Defendant.

## III.    STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

---

[1]In *City of Huntington Beach v. City of Westminster*, 57 Cal. App. 4th 220, 227 n. 4 (Aug. 21, 1997), the court was presented with an indemnity dispute arising from a similar scenario in which an innocent bystander was bitten by a police dog. In rejecting the argument that the victim was a participant to the robbery that prompted the need for canine assistance, thereby removing liability in accordance with a statute similar to Section 44-8-413, the court stated as follows:

> Westminster contends [the victim] was 'integrally involved in the criminal activity' because she 'called the police to the scene, followed the police to another location searching for her husband [and] elected to remain within the crime scene perimeter for nineteen minutes prior to release of the dog.' Westminster is 'simply barking up the wrong judicial tree.' Its argument is spurious, infuriating in fact, and contemptible in law. [The victim] was an 'innocent passerby' and is as much entitled to the benefit of the dog bite statute as any other person who was lawfully at the scene of the crime.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). This action also presents a matter of statutory interpretation, which is reviewable as a matter of law pursuant to the de novo standard without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citing *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)).

## IV. DISCUSSION

Plaintiff argues that the court violated the rules of statutory construction by looking beyond the plain language of the statute. He again argues that the act or conduct that prompted the need for services was the fleeing suspect, not his request for assistance and that he was an innocent victim, not a participant. Defendant responds that the plain language of the statute does not limit party, participant, or suspected party or participant to only those individuals suspected of committing a crime. Further, Defendant provides that the court's consideration of worker's compensation laws was superfluous and had no bearing on the ultimate decision.

The primary objective of statutory interpretation is to carry out the legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In Re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*,

151 S.W.3d 503, 507 (Tenn. 2004).  We also presume that the General Assembly was aware of the state of the law when the statutes were enacted and that it did not intend to enact a useless statute.  *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010).

Here, the statute provides that liability will not be imposed if "the person injured was a *party to, a participant in or suspected of being a party to or participant in the act or conduct that prompted* the police or military to utilize the services of the dog[.]" Tenn. Code Ann. § 44-8-413(b)(1) (emphasis added).  Our plain reading of the statute leads us to conclude that the legislature removed liability *only* for those engaged in the wrongdoing that prompted police intervention, not for others lawfully at the scene of the crime.  We believe this interpretation is within the legislature's intent as evidenced by the removal of liability for those unlawfully on private property, those attacking an innocent party; or those enticing or provoking the dog to violence.  Tenn. Code Ann. § 44-8-413(b)(2)-(5); *see generally Huntington Beach*, 57 Cal. App. 4th at 227 n. 4 (holding in dicta that those lawfully at the scene are entitled to the protections of a dog bite statute similar in nature to the one at issue here).  Accordingly, we reverse the court's grant of summary judgment and remand for further proceedings.

## V.     CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings.  Costs of the appeal are taxed to the appellee, Sevier County, Tennessee.

_____
JOHN W. McCLARTY, JUDGE